UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRONTERA RESOURCES CORPORATION, et al.,

Plaintiffs,

v.

STEPHEN HOPE, et al.,

Defendants.

Case No. 19-cv-01996-RS

**ORDER DENYING TRO AND SETTING BRIEFING SCHEDULE**

## I. INTRODUCTION

This case centers around the relationship between the Frontera Resources Caucasus Corporation ("FRCC"), a subsidiary of Plaintiff Frontera Resources Corporation ("FRC"), and Defendants Stephen Hope, Outrider Management, LLC, and Outrider Onshore, LP. Plaintiffs FRC and another subsidiary, Frontera International Corporation ("FIC"), contend Defendants have conspired to benefit themselves at the expense of Plaintiffs' financial viability in violation of numerous state laws. They seek a temporary restraining order ("TRO") enjoining Defendants from proceeding with any further allegedly illegal actions and from attempting to liquidate the FRCC. Because Plaintiffs have failed to raise serious questions going to the merits, let alone a showing of likely success on the merits, their application is denied.

## II. BACKGROUND[1]

Plaintiffs engage in oil and gas production around the world. Defendant Hope is the managing member of the several Outrider entities. In 2012, Defendants, through non-party entity Outrider Master Fund, L.P.[2] ("OMF"), purchased almost $14 million in loan notes issued by a subsidiary of FRC at a price of approximately $4 million from financially distressed third parties. In 2016, the parties negotiated a settlement by which Defendants, through OMF, obtained loan notes of almost $23 million issued by FIC and secured a seat on FRC's board of directors for Defendant Hope. Plaintiffs believe Hope used his position to exacerbate their financial distress such that they breached[3] the Equitable Mortgage of one of the 2016 Notes in October 2018, after which Defendants instructed their collateral agent to the 2016 Notes, MaplesFS Limited ("Maples"), to send an "Enforcement Notice" to FIC on April 17, 2019. The issuance of the Enforcement Notice is a "Liquidation Event" which triggers sweeping powers for Maples to liquidate the FRCC, the collateral of the 2016 Notes.

In October 2018, Plaintiffs brought suit in the Grand Court of the Cayman Islands against Defendant Hope, OMF, and Maples seeking an injunction restraining those parties from enforcing any rights under the Equitable Mortgage. (Dkt. 23-8, Cornwell Decl., Ex. E.)[4] The court granted the *ex parte* injunction the same day. (*Id.*) Subsequently, in January 2019, the court discharged the injunction based on its conclusion that Plaintiffs' case had "no real prospects of success and/or

---

[1] In evaluating an application for a TRO, the allegations in the complaint are taken as true. *Hughes v. Wells Fargo Bank, N.A.*, No. CV 09-2496-PHX-MHM, 2009 WL 5174987, at *1 (D. Ariz. Dec. 18, 2009).

[2] The FAC identifies "Outrider Management Fund, L.P." (FAC ¶ 10.) Plaintiffs concede the appropriate entity is Outrider Master Fund, L.P. (Dkt. 31 at 14.)

[3] Plaintiffs dispute that they materially breached their obligations under the Equitable Mortgage, but to the extent there was a breach, they assert it was a direct result of Defendants' conduct.

[4] A court has the power to take judicial notice, *sua sponte*, of "adjudicative fact[s]" that are "not subject to reasonable dispute." Fed. R. Evid. 201. This includes facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* The docket of the Cayman Islands action is part of the public record and therefore easily verifiable. Therefore, its docket is judicially noticed.

fails to raise a serious question to be tried." (Dkt. 23-10, Cornwell Decl., Ex. G at ¶ 47(b).) While Plaintiffs' appeal was pending, they filed their original Complaint in this Court on April 14, 2019. (Dkt. 1.) The next day, Plaintiffs withdrew from the Cayman Islands action. (Dkt. 31-1, Nicandros Reply Decl., Ex. B.) On April 24, they filed their First Amended Verified Complaint ("FAC"), and their application for a TRO followed the next day.

In this action, Plaintiffs did not sue OMF or Maples, but instead targeted other Outrider entities in addition to again pursuing Defendant Hope. Plaintiffs assert several state law claims, including breach of fiduciary duty and duty of loyalty and intentional interference with prospective economic relations against Defendant Hope. They seek an order requiring that Defendants: (1) "be enjoined from directly or indirectly violating or further violating the fiduciary duties and duty of loyalty that Mr. Hope owes to FRC, including by moving forward with any of the actions that may flow from the Enforcement Notice;" and (2) "be enjoined from directly or indirectly interfering with Plaintiffs' prospective economic relations." (Dkt. 10 at 13.) The parties were ordered either to stipulate to a briefing schedule for a preliminary injunction or to continue with briefing for the TRO. (Dkt. 15.) The parties chose the latter.

### III. LEGAL STANDARD

A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Thus, as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain preliminary relief, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."). As quoted in *Cottrell*, under the

1  sliding scale test, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that
2  serious questions going to the merits were raised and the balance of hardships tip sharply in the
3  plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors."
4  *Id.* at 1135.

## IV.  DISCUSSION

Plaintiffs acknowledge their application for a TRO is based only on the first two claims of its FAC: (1) breach of fiduciary duty and the duty of loyalty, and (2) intentional interference with prospective economic relations, both against Hope. (Dkt. 10 at 9.) As to these claims, Plaintiffs have alleged Hope's culpability in a conclusory fashion. At base, this case appears to represent an effort by a creditor to enforce its rights under outstanding notes. Plaintiffs have not alleged any facts to suggest that the debt is invalid or that Defendants are exercising any powers not granted to them as creditors. Further troubling is the fact that while the Complaint in this case appears to have been filed before the Cayman Islands action was resolved, Plaintiffs failed to disclose here the existence of that pending action. (*Compare* (Dkt. 1 (dated April 14, 2019)), *with* (Dkt. 31-1, Nicandros Reply Decl., Ex. B (dated April 15, 2019)).) More noteworthy still is the fact that the Cayman Islands court saw fit to discharge the preliminary injunction in that action based on the court's conclusion that Plaintiffs' case had "no real prospects of success and/or fails to raise a serious question to be tried." (Dkt. 23-10, Cornwell Decl., Ex. G at ¶ 47(b).) Similarly, Plaintiffs' allegations here not only fail to establish that it is likely to succeed on the merits, but also fail even to raise a serious question going to the merits as emphasized by the Ninth Circuit.

Even if this case presented a situation where an immediate temporary injunction was warranted, the bulk of Plaintiffs' requested injunction is unworkable and imprecise. Plaintiffs essentially ask that Defendants be required to obey the law in the future with regard to fiduciary duties, the duty of loyalty, and to refrain from interfering with Plaintiffs' prospective economic relations. Courts have declined injunctive relief where the injunction sought is of such an indeterminate character that an enjoined party cannot readily determine what conduct is being prohibited. *See Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ("Since an injunctive order

prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."); *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987) ("Broad language in an injunction that essentially requires a party to obey the law in the future is not encouraged and may be struck from an order for injunctive relief[.]"). Because parties are entitled to "receive fair and precisely drawn notice of what [an] injunction actually prohibits," injunctions must "describe in reasonable detail . . . the act or acts restrained or required." *Calvin Klein*, 824 F.2d at 669; Fed. R. Civ. P. 65(d)(1)(C).

Prohibiting Defendants from directly or indirectly violating or further violating the fiduciary duties and duty of loyalty that Hope owes to FRC, or from directly or indirectly interfering with Plaintiffs' prospective economic relations, gives Defendants nebulous guidance at best in what conduct is being enjoined. For that reason as well Plaintiffs have not satisfied their burden of demonstrating why immediate injunctive relief is appropriate. While Plaintiffs' request that Defendants be enjoined from moving forward with any of the actions that may flow from the Enforcement Notice is at least sufficiently specific, it fails on the inadequacy of the requisite merits showing as explained above.

Because Plaintiffs have failed to raise serious questions going to the merits, its other arguments—regarding irreparable harm and whether the balance of the equities and the public interest favor injunctive relief—need not be reached.

## V. CONCLUSION

Plaintiffs' application for a temporary restraining order is denied.[5] The matter will be set for a hearing regarding whether a preliminary injunction should issue for June 6, 2019 at 1:30 p.m. If Plaintiffs elect to file a supplemental brief explaining why a preliminary injunction is warranted, they may file a brief of no more than 20 pages by May 16, 2019. Defendants may file an opposition brief of no more than 20 pages by May 23, 2019. Plaintiffs may file an optional reply

---

[5] In light of the denial of temporary injunctive relief, Plaintiffs have similarly failed to advance a basis on which to order expedited discovery and that motion (Dkt. 29) therefore is also denied.

brief of no more than 10 pages by May 30, 2019.

**IT IS SO ORDERED**.

Dated: May 9, 2019

_____
RICHARD SEEBORG
United States District Judge