SHARON A. URIAS (SBN 180642)
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (323) 880-4520
Facsimile: (954) 771-9264
Email: Sharon.Urias@gmlaw.com

MARK T. DOERR (NY SBN 4924148) (Appearance Pro Hac Vice)
**GREENSPOON MARDER LLP**
590 Madison Ave., IBM Building, Suite 1800
New York, New York 10022
Telephone: (212) 524-5000
Email: Mark.Doerr@gmlaw.com

DANIEL F. NAGEOTTE (AZ SBN 035562) (Appearance Pro Hac Vice)
**GREENSPOON MARDER LLP**
8585 E. Hartford Dr., Suite 700
Scottsdale, AZ 85255
Telephone: 480.779.1438
Facsimile: 480.306.5459
Email: Daniel.Nageotte@gmlaw.com
*Attorneys for Plaintiff Frontera Resources Corporation*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRONTERA RESOURCES CORPORATION AND FRONTERA INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN HOPE, OUTRIDER MANAGEMENT LLC, AND OUTRIDER ONSHORE LP,<br><br>Defendant. | Case No.: 3:19-cv-01996-RS<br><br>**DECLARATION OF DANIEL F. NAGEOTTE IN SUPPORT OF PLAINTIFF'S NOTICE OF EMERGENCY MOTION AND MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(CIVIL LOCAL RULE 6-3)<br><br>[NO HEARING REQUESTED UNLESS ORDERED BY COURT]<br><br>Hon. Richard Seeborg<br><br>Action Filed: April 14, 2019<br>Trial Date: May 1, 2023 |

## LOCAL CIVIL RULE 6-3 DECLARATION

I, Daniel F. Nageotte, respective counsel of record for Plaintiff, and pursuant to U.S.C. 28 § 1746, hereby affirm that I am over 18 years of age and am competent to make the following Declaration.

1. Daniel F. Nageotte is counsel for Plaintiff in the above-captioned action and is an associate with the law firm of Greenspoon Marder, LLP ("Greenspoon"), attorneys of record for Plaintiff. By and through this representation, Mr. Nageotte has personal knowledge of the matters set forth herein, and if called upon to testify, has represented that he could and would testify competently thereto.

2. On August 1, 2019, the Court entered a Case Management Scheduling Order, providing the initial deadlines for this matter, including a trial date of July 27, 2020 at 9:00 a.m. (Doc. 56.) The Court then entered the remaining case deadlines in its January 9, 2020 Further Case Management Scheduling Order, which additionally extended the trial date to January 25, 2021 at 9:00 a.m. (Doc. 70.)

3. On July 13, 2020, the Court granted Plaintiff's Motion for Continuance & Relief Related to the Coronavirus (COVID-19) Pandemic, extending the case deadlines, including the trial date, by an additional 90 days. (Doc. 77.)

4. On January 4, 2021, the Court granted the parties' Stipulated Motion for Continuance, extending the remaining case deadlines, including the trial date, which was rescheduled for February 7, 2022 at 9:00 a.m. (Doc. 87.)

5. On April 28, 2021, the Court entered its Order Granting Stipulated Motion for Continuance, extending the remaining case deadlines, including the trial date, which was rescheduled for May 16, 2022 at 9:00 a.m. (Doc. 89.)

6. On August 16, 2021, following the withdrawal of Plaintiff's then-legal counsel, the Court granted Plaintiff's Unopposed Ex Parte Motion for Continuance of Case Deadlines, including the trial date, which was rescheduled for October 31, 2022 at 9:00 a.m. (Doc. 92.)

7. On December 22, 2021, the Court granted the parties' Stipulated Motion for Continuance, extending the remaining deadlines, including the non-expert discovery deadline, which was rescheduled to July 20, 2022, and the trial date, which was rescheduled to May 1, 2023. (Doc. 103.)

8. On July 22, 2022, the Court granted the parties' Stipulated Motion for Continuance, extending only the non-expert and expert discovery deadlines. (Doc. 105.)

9. On October 26, 2022, the Court granted the parties' Stipulated Motion for Continuance, extending only the Defendants' deadline to designate rebuttal experts and provide Rebuttal Expert Disclosures. (Doc. 107.)

10. On November 10, 2022, Defendants filed and served their Motion for Summary Judgment. (Doc. 108.)

11. On November 17, 2022, the Court granted the parties' Stipulated Motion for Continuance of Case Deadline to extend the parties' deadline to complete expert discovery until January 27, 2022. (Doc. 110.)

12. In accordance with the Commentary for Local Rule 7-2, specifically, that "[f]or complex motions, parties are encouraged to stipulate or seek a Court order establishing a longer notice period with correspondingly longer period for response or reply," and recognizing the effect of the upcoming nationally recognized holidays (Thanksgiving Day, Christmas Day and New Years Day), counsel for Plaintiff reached out to and communicated with Defendants' counsel on November 17, 2022, November 18, 2022, November 21, 2022 and November 22, 2022 requesting a 60-day extension for Plaintiff's deadline to respond to the Motion for Summary Judgment.

13. In these communications, Defendants' counsel noted that such an extension would require a similar extension for Defendants' reply in support of the Motion for Summary Judgment.

14. Further, during these communications, although Defendants were not agreeable to the proposed 60-day extension, Defendants, recognizing the impact of the upcoming holidays and the complexity of the briefing involved with their Motion for Summary Judgment, did agree to provide Plaintiff with a 45-day extension for Plaintiff's deadline to respond to the Motion for Summary Judgment and to the remaining case deadlines so long as (i) the trial setting date was not further delayed and (ii) that Defendants would be provided with a timeframe of three weeks to reply to Plaintiff's Response.

15. At this time, the parties agree an extension is warranted; however, there remains disagreement as to how long that extension should be.

16. As the Court is aware, Defendants' Motion for Summary Judgment is of a dispositive nature and requires thorough briefing and analysis from the parties.

17. Given the upcoming national holidays as well as the complexity and dispositive nature of Defendants' Motion for Summary Judgment, an extension of no less than 60 days is warranted and necessary so that Plaintiff may appropriately and sufficiently respond.

18. Absent such an extension, Plaintiff would be unduly prejudiced and substantially harmed because Plaintiff would be unable to appropriately oppose the Motion for Summary Judgment, and would instead be forced to present a rushed opposition.

19. In light of the above, Plaintiff respectfully requests that the Court extend the subject deadlines as follows:

| Scheduling Order Item | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for Plaintiff to Respond to Defendants' Motion Summary Judgment | November 25, 2022 | January 24, 2023 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 23, 2022.

_____
Daniel F. Nageotte